IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CV-177-BR

JASON STEWART and PATRICIA )
CRETA, )
                     )
        Plaintiffs, )
                     )     **ORDER**
    v. )
                     )
EQ INDUSTRIAL SERVICES, INC. and )
EQ HOLDING COMPANY, )
                     )
        Defendants. )

       A status conference was held in this case on 22 November 2011. This order memorializes certain rulings made at the conference and elaborates on other matters discussed, provided that this order supersedes any contrary determinations announced at the conference.

       IT IS ORDERED as follows:

       1.     Plaintiffs' motion (D.E. 44)[1] to compel discovery responses from defendants is DENIED. Defendants have amply justified the reason for their several-week delay in producing responses to plaintiffs' discovery requests. Accordingly, a finding that defendants have waived appropriate objections is not warranted. Further, the court has reviewed defendants' responses (D.E. 53-2), although only for facial deficiencies because they were served after plaintiffs' motion was filed and it is not apparent that the parties have had an opportunity to confer regarding any differences they have with respect to the responses.[2] This review does not establish that plaintiffs

---

[1] Plaintiffs filed a memorandum (D.E. 45) in support of their motion. Defendants filed a response (D.E. 53) in opposition.

[2] The parties agreed that the court could construe the motion to compel to cover the sufficiency of the individual responses although they were served after the filing of the motion.

are entitled to a motion to compel. Should there be unresolved differences between the sides with respect to the responses after they have engaged in the requisite good faith consultation, plaintiffs may timely file an appropriate motion for relief. Defendants shall produce by 2 December 2011 the documents they state they will produce in their responses to production requests nos. 2, 3, and 5-7.

2. Plaintiffs' first motion (D.E. 46)[3] to compel class case discovery responses from defendants is ALLOWED in part and DENIED as moot in part on the following terms: To the extent that defendants have searched for responsive documents and determined that they do not exist, they shall provide a supplemental discovery response to that effect by 2 December 2011. As to the remaining documents, defendants shall produce for inspection outbound manifests by 2 December 2011. Defendants shall produce for inspection the emails referenced at the status conference by 16 December 2011.[4]

3. Plaintiffs' second motion (D.E. 48)[5] to compel class case discovery from defendants is ALLOWED in part, DENIED in part, and DENIED as moot in part on the following terms: To the extent that defendants have searched for responsive documents and determined that they do not exist, they shall provide a supplemental discovery response to that effect by 9 December 2011. As to the remaining documents, plaintiffs' principal complaint is that defendants made unjustified redactions in them. Without objection from defendants, the court agreed to review *in camera*

---

[3] Plaintiffs filed a memorandum (D.E. 47) in support of their motion. Defendants filed a response (D.E. 64) in opposition.

[4] At the status conference, defendants expressed concern about the availability of the some of the emails in question. If defendants are not able to produce the emails as directed, they shall by the same deadline serve on plaintiffs a detailed affidavit explaining the efforts they made to produce them and the specific reasons why they were unable to make the production.

[5] Plaintiffs filed a memorandum (D.E. 49) in support of their motion. Defendants filed a response (D.E. 77) in opposition.

2

unredacted versions of the documents in question. Having completed that review, the court finds that plaintiffs have not shown that they are entitled to the redacted information, which relates to facilities other than the Apex, North Carolina facility which is the subject of the complaint, and the portion of their motion seeking disclosure of the redacted information is DENIED.

The practices and procedures of defendants generally regarding safety concerns appear to be relevant in this litigation. But the record does not establish that the scope of discovery sought in the case of the redacted information–that is, very detailed information regarding all of defendants' facilities–is proportionate to the demonstrated relevance of the matters being inquired about. There would appear to be other less expansive and intrusive means available to plaintiffs under the Federal Civil Rules to obtain information shown to be relevant in this area, possibly including without limitation appropriately framed interrogatories and deposition questions. Informal meet and confer procedures might also be useful. Further, except as otherwise ordered, the Federal Civil Rules give the parties the flexibility to employ discovery procedures in any sequence they deem best to ensure that accurate and complete information is obtained. *See* Fed. R. Civ. P. 26(d)(2)(A). The permissibility of discovery, of course, ultimately depends on the specific requests at issue.

4.  With the consent of the parties, the court will hold the motions relating to plaintiffs' Rule 30(b)(6) notices in abeyance until the parties have additional time to confer. These motions are: plaintiffs' motion (D.E. 57)[6] to compel Rule 30(b)(6) witness designations from defendants; defendants' motion (D.E. 78) to quash Rule 30(b)(6) deposition notices; and plaintiffs' motion (D.E.

---

[6] Plaintiffs filed a memorandum (D.E. 58) in support of their motion. Defendants filed a response (D.E. 79) in opposition.

83)[7] to strike defendants' objections to their Rule 30(b)(6) notices. If the parties are unable to resolve all their differences relating to these motions, they shall be prepared to present argument on the remaining issues at the next status conference on 15 December 2011. Plaintiffs' motion (D.E. 85) for an expedited hearing on their motion to strike is mooted by the agreed continuance of action on the motion to strike, and the motion to expedite is therefore DENIED AS MOOT.

     5.     Defendants' motion (D.E. 27)[8] pursuant to Fed. R. Civ. P. 35 to compel an independent medical examination ("IME") of each plaintiff is ALLOWED on the following terms. Dr. Thomas Truncale, a board-certified physician in pulmonary medicine, shall be permitted to conduct IMEs consisting of: a formal history intake; and a physical examination, which may include only pulmonary function tests, diffusion capacity tests, allergy testing, and, for plaintiff Patricia Creta ("Creta"), vocal chord testing and which shall exclude the methacoline challenge. The IMEs shall be conducted by 15 December 2011. Should Dr. Truncale believe that other tests are necessary after reviewing the results of the foregoing tests, defendants may file a motion for such relief.

     6.     Defendants' motion (D.E. 34) to compel medical authorizations of Creta is ALLOWED on the following terms: Defendants shall amend the authorization provided to Creta to specify that the authorization is only for medical records and does not permit defense counsel to contact Creta's medical providers for *ex parte* communications. Creta shall provide the signed revised authorization to defendants by 2 December 2011.

---

[7] Plaintiffs filed a motion to expedite hearing (D.E. 85) of its motion to strike defendants' objections to their Rule 30(b)(6) depositions notices. The agreement reached by the parties to continue these motions to allow the parties to confer in an attempt to substantively resolve the pending issues renders the motion to expedite moot and accordingly, that motion is denied as such.

[8] Plaintiffs filed a response (D.E. 32) in opposition to defendants' motion. They also filed a supplemental response (D.E. 36) and were granted leave to file a supplemental exhibit in support of their response (D.E. 39-1).

This, the 30th day of November 2011.

                                                                                                James E. Gates
                                                                                               United States Magistrate Judge