IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CV-177-BR

| | |
|---|---|
| JASON STEWART and PATRICIA CRETA, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>EQ INDUSTRIAL SERVICES, INC. and )<br>EQ HOLDING COMPANY, )<br>)<br>Defendants. ) | **ORDER** |

A status conference was held in this case on 6 January 2012. This order memorializes certain rulings made at the conference and sets out rulings on other matters discussed, as appropriate.

IT IS ORDERED as follows:

1. <u>Production of Emails</u>. In accordance with the parties' agreement, defendants shall produce to plaintiffs electronic copies of the collection of about 27,600 emails discussed at the conference. The emails may be in a non-searchable format, in which event production shall occur by 19 January 2012.[1] If requested by plaintiffs, defendants shall produce the emails in a searchable format, and plaintiffs shall reimburse defendants for the reasonable cost of making them searchable in an amount not to exceed $4,000.00. In the event plaintiffs request production in a searchable

---

[1] The parties have agreed that they may use in this case discovery taken in the class action in this court involving the same incident at issue here, the 5 October 2006 fire at the Apex facility then owned and operated by defendant EQ Industrial Services, Inc. This agreement was adopted by this court in the Scheduling Order entered in this case. (Sch. Ord. (D.E. 15) ¶ 3(j)). An order in the class action requires that the "parties shall produce all ESI [*i.e.*, electronically stored information] in a searchable medium and format agreed upon by the parties." (Sch. Ord. (D.E. 116) § IV.D.3 at p. 7, *Beaulieu v. EQ Industrial Services, Inc.*, 5:06-CV-400-BR (9 Nov. 2007)). Plaintiffs contend that this order requires that defendants produce the emails in question in a searchable format. The court disagrees. The emails are not being produced pursuant to a discovery request (defendants contend that no discovery request encompasses them), as the order in the class action contemplates, but instead by agreement.

format, defendants shall make production by 19 January 2012 to the extent reasonably practicable, but in no event later than 24 January 2012.

2. <u>Production of Transactional Documents</u>. The parties reported on their negotiations concerning the production by defendants of transactional documents relating to the sale of corporate subsidies by EQ Holding Company to EQ Holding, Inc. Defendants produced certain transactional documents at the conference. Nevertheless, it appears that there may remain outstanding issues between the parties regarding production of transactional documents.

3. <u>Motions regarding Rule 30(b)(6) Depositions</u>. The motions relating to plaintiffs' Rule 30(b)(6) notices are: plaintiffs' motion (D.E. 57) to compel Rule 30(b)(6) witness designations from defendants; defendants' motion (D.E. 78) to quash Rule 30(b)(6) deposition notices; and plaintiffs' motion (D.E. 83) to strike defendants' objections to their Rule 30(b)(6) notices. These motions have largely been resolved by the parties. The only remaining disputes concern topics 30 to 38.

Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sep. 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be

2

relevant to the claim or defense of any party.'" *Equal Employment Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. 13 June 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)). The scope of discovery is not without parameters, however; the court can restrict the frequency or extent of discovery otherwise allowed where, for example, it can be obtained by a more convenient source or the burden or expense of producing the information outweighs its potential benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(i); *High Voltage Beverages, LLC v. Coca-Cola Co.*, No. 3:08CV367, 2009 WL 2915026, at *2 (W.D.N.C. 8 Sept. 2009) (denying motion to compel where extraordinary burden imposed by requiring defendant to review information for production was disproportional to plaintiff's need for the information sought). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992).

These general principles apply to a deposition taken pursuant to Rule 30(b)(6), which governs depositions of an organization. *Coryn Group II, LLC v. O.C. Seacrets, Inc,* 265 F.R.D. 235, 238 (D. Md. 2010) ("To the extent information sought in a Rule 30(b)(6) deposition is relevant to the claims or defenses in the case and is known or reasonably available to the corporation, it must provide a corporate designee or multiple designees prepared to provide that information.") (citing Fed. R. Civ. P. 26(b)(1), 30(b)(6)).

With these standards in mind, the court has reviewed plaintiffs' proposed topics. The court finds topics 30-38 to be overbroad as written. The scope of the discovery sought in the proposed topics is disproportionate to the demonstrated relevance of the matters being inquired about. An underlying concern of the court is that, while some matters encompassed by the proposed topics can be the subject of discovery, such discovery should not be of such magnitude as to shift the focus of

3

this case from the core issues which form the basis of the parties' claims and defenses. The court will allow in part and deny in part each pending motion as follows:

Topics 30 to 33 shall be limited to EQIS internal policies and procedures in existence from the date on which EQIS acquired the Apex facility through 5 October 2006 regarding risk management, process safety management, safety, and regulatory compliance to the extent applicable to the storage and handling of hazardous waste at the Apex facility or any other facilities owned or operated by defendants that during the specified period engaged in substantially the same activity as the Apex facility—that is, primarily the temporary storage of wastes (*i.e.*, drums in/drums out). *See Lohr v. Stanley-Bostitch, Inc.*, 135 F.R.D. 162, 164-65 (W.D. Mich. 1991).

This ruling does not preclude plaintiffs from conducting reasonable examination to determine whether the activity at other facilities was substantially the same as that at the Apex facility. The scope of such examination shall reflect the fact that the other facilities and the fires or other accidental events there are not the subject of the claims and defenses in this case. These same principles apply to the issue of similarity of the activity of other facilities to that at the Apex facility as presented by the remaining topics.

Topic 34 shall be limited to information concerning any fires or other events substantially the same as the 5 October 2006 fire at the Apex facility that occurred during the five-year period before 5 October 2006 at any facility owned or operated by defendants that at the time of the event was engaged in substantially the same activity as the Apex facility. As with the similarity of the activity of other facilities to that at the Apex facility, this ruling does not preclude plaintiffs from conducting reasonable examination to determine whether fires or other accidental events at other facilities were substantially the same as the 5 October 2006 fire at the Apex facility. The scope of

4

such examination shall reflect the fact that the fires or other accidental events at other facilities are not the subject of the claims in this case.

Topic 35 does not seek information that is within the permissible scope of discovery. It relates to an incident at a facility other than that involved in the instant case that engaged in an activity the present record shows was not substantially similar to that at the Apex facility and that was not owned or operated by either defendant in this case. Topic 35 would appear to be better suited to a case in which the fire at the facility that is the subject of the topic is the basis of the plaintiff's claims.

The court interprets topic 36 to concern lessons learned from the events inquired into in topics 34 and 35 that resulted in changes in policies or procedures applicable to employees and/or temporary workers at the Apex facility from the date EQIS acquired the Apex facility through 5 October 2006. Such policies and procedures would appear to be within the scope of topic 34. In any event, plaintiffs shall be permitted to conduct examination regarding topic 36 as interpreted herein. The court deems topic 37 to be subsumed in topic 36.

Topic 38 is clearly within the permissible scope of discovery to the extent that it concerns penalties and notices of violation at the Apex facility. It shall otherwise be limited to facilities that were engaged in substantially the same activity as that at the Apex facility from the date on which EQIS acquired the Apex facility through 5 October 2006.

4. <u>Expert Depositions</u>. The parties stated that they are attempting to resolve issues relating to the scheduling of expert depositions. The parties noted that they had already resolved issues relating to the scheduling of the deposition of Dr. Kream. As indicated at the hearing, expert

depositions of up to seven hours shall be taken on a single day and not split between two days unless otherwise agreed by all parties or ordered by the court. *See* Fed. R. Civ. P. 30(d)(1).

     5.    <u>Depositions of Executives</u>. Plaintiff has not made a showing of entitlement to take the depositions of seven high-level officers or directors of defendants. Rule 26 permits the court to place limitations on discovery, including the sequence in which it is obtained, to prevent the discovery from being unduly burdensome or cumulative. For example, Rule 26(b)(2)(C) provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C); *see also* Fed. R. Civ. P. 26(c), (d). In accordance with Rule 26, courts have recognized specifically that in some instances depositions of high-level executives should be avoided or limited to minimize the potential burden on the corporation. *Performance Sales & Marketing, LLC v. Lowe's Companies, Inc.*, No. 5:07cv140; 2011 WL 5439118, at *1 (W.D.N.C. 9 Nov. 2011) ("Some courts, however, have granted protective orders and limited or prohibited the deposition of high level corporate officers who are unlikely to possess any 'personal familiarity with the facts of the case.'. . . This rule is intended to protect busy, high level executives who lack any personal or unique knowledge of the claims at issue from the burden, inconvenience, and potentially harassing nature of a deposition where the information sought may be more easily obtained from a lower level corporate employee.") (quoting 8A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, Federal Practice & Procedure § 2037 (3d. 2010)); *Folwell v. Hernandez*,

6

201 F.R.D. 169, 174 (M.D.N.C. 2002) ("Moreover, the oral deposition of a high level corporate executive should not be freely granted when the subject of the deposition will be only remotely relevant to the issues of the case. Even when an executive does have personal knowledge about the case, the court still may fashion a remedy which reduces the burden on the executive.") (internal citations omitted).

Limitations are warranted with respect to the depositions sought in this case in light of the unique burden they could impose and the fact that other discovery in the case may reduce or eliminate any need plaintiff may have for these depositions. This discovery includes the agreed-upon Rule 30(b)(6) depositions and other depositions. Accordingly, the court will not direct defendants to present the seven identified witnesses for deposition at this time.

6. <u>Motion to Compel</u>. Plaintiffs' motion (D.E. 98) to compel discovery for failure to disclose corporate reorganization is DENIED without prejudice. The motion does not indicate that plaintiffs conferred with defendants in a good faith effort to resolve the dispute before filing the motion *See* Local Civil Rule 7.1(c), E.D.N.C. That failure alone merits denial, particularly in the context of this case where communication among counsel has at times been lacking. Nevertheless, a review of the merits of the motion warrants the same result for at least two reasons.

First, plaintiffs have not identified a discovery request they have served that seeks the information they now move to compel.

Second, even had plaintiffs served a discovery request for the information, plaintiffs have not established that the information they seek, beyond what defendants have agreed to provide, is relevant to the claims or defenses asserted in this action. Plaintiffs argue that the information is relevant to their purported claim to pierce the corporate veil. The court is aware that defendants have

7

filed a motion for judgment on the pleadings (D.E. 114) to dismiss any such claim. Based on the record presently before it and solely for purposes of the motion to compel, the court does not believe plaintiffs have demonstrated that they do adequately allege a claim to pierce the corporate veil in their complaint. Plaintiffs may, of course, renew their motion should they deem developments in the record to warrant such renewal.

7. <u>Next Status Conference</u>. The next status conference shall be held on 27 January 2012 at 2:30 p.m. in the Sixth Floor Courtroom in the Terry Sanford Federal Building and Courthouse, 310 New Bern Avenue, Raleigh, North Carolina.

This, the 11th day of January 2012.

_____
James E. Gates
United States Magistrate Judge